IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
SHIRLEY M. LEDFORD,              )
                                 )
                Plaintiff,       )    CIVIL ACTION
                                 )
v.                               )    No.  15-1156-MLB-GEB
                                 )
SUPER 8 HAYS; SUPERTEL LIMITED   )
PARTNERSHIP; and LIBERTY MUTUAL  )
FIRE INSURANCE COMPANY,          )
                                 )
                Defendant.       )
                                 )
```

**MEMORANDUM AND ORDER**

Before the court are the following:

Defendants' Motion to Dismiss (Doc. 14); Plaintiff's Response (Doc. 15); and Defendants' Reply (Doc. 16).

**I. Background**

Plaintiff's pro se amended complaint (Doc. 13) alleges that she rented a handicap-accessible room at a Super 8 Motel in Hays, Kansas, on April 28, 2013. According to the complaint, the tub/shower controls in her room failed to comply with requirements of the Americans with Disabilities Act (ADA), and led to plaintiff being scalded and otherwise injured. The complaint lists the name and address of the above-named defendants, but it does not allege any facts showing what role or responsibility any of the defendants had in the incident.

The motion to dismiss argues: 1) Super 8 Hays is not a legal entity and should be dismissed under Fed. R. Civ. P. 12(b)(2), (5) and (6); 2) Supertel Limited Partnership (Supertel) should be dismissed under Rule 12(b)(6) because it has no ownership or management interest in the Super 8 Hays motel; and 3) Liberty Mutual should be dismissed

because, as the liability insurer for the hotel property, it is not a proper party to the action.

## II. Discussion

A. <u>Super 8 Hays motel</u>. Plaintiff contends her action against this entity is proper under Fed. R. Civ. P. 17(b)(3)(A), because "Super 8 Hays" is the common name of the business entity from which she rented the hotel room.

Defendants' unchallenged affidavit from an officer of Supertel Hospitality, Inc. ("SHI") avers that the "Super 8 Hays" is not a separate legal entity, but is the name of a motel owned by E & P Financing Limited Partnership, a Maryland limited partnership, which in turn is 99% owned by SHI. Doc. 14-1. Defendants argue that "Super 8 Hays" cannot be sued and must be dismissed (among other reasons) for lack of personal jurisdiction.

Capacity to be sued in federal court is governed by Fed. R. Civ. P. 17(b). For all parties other than individuals and corporations, capacity to be sued is determined (with some exceptions) by the law of the state where the court is located. Under Kansas law, "[a] partnership may ... be sued in the name of the partnership." K.S.A. § 56a-307(a). Any or all of the partners may also be sued. § 56a-307(b). The uncontroverted facts before the court are that the motel in question is owned by E & P Financing Limited Partnership. <u>See</u> <u>TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.</u>, 488 F.3d 1282, 1286 (10th Cir. 2007) (court may consider affidavits in determining if it has personal jurisdiction over a defendant). Because Kansas law allows a partnership (including a limited partnership) to be sued, the Rule 17(b)(3)(A) exception allowing a suit against a partnership "in

its common name" does not apply. Plaintiff cites no Kansas law that would allow her to bring a claim against E & P Financing Limited Partnership by asserting a complaint against the "Super 8 Hays," which is not a legal entity capable of being sued. The court will therefore grant the motion to dismiss Super 8 Hays for lack of personal jurisdiction. See e.g., Uniscope, Inc. v. Tembec BTLSR, Inc., 2008 WL 4830909 (D. Colo., Nov. 5, 2008) (no jurisdiction where plaintiff failed to make prima facie showing that name appearing on business card was separate business entity capable of being sued).

Because plaintiff may be able to overcome this deficiency and could conceivably state a valid claim against E & P Financing Limited Partnership, the court will grant plaintiff 20 days' leave to file an amended complaint stating a valid claim against the proper defendant.

B. Supertel Limited Partnership.

The amended complaint (Doc. 13) lists Supertel Limited Partnership as a defendant, but does not set forth any facts showing how or why this entity is liable for the alleged violation of ADA regulations discussed in the complaint. The complaint asserts at one point that "[i]t is the duty of the owner/operator to maintain ... ADA accessible rooms," but it does not allege that Supertel Limited Partnership is the owner or operator of the motel.

In a bit of logic the court does not quite understand, plaintiff's response brief says "it appears [that] Supertel Limited Partnership had some involvement as the owner, operator, management, supervision, etc." because it was listed as a customer of Liberty Mutual Fire Insurance Company, which insured the motel and which investigated plaintiff's claim. Doc. 15 at 2.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's complaint must allege sufficient facts that, if true, state a claim for relief that is plausible on its face. See <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2008).

The facts alleged in the complaint do not show what Supertel Limited Partnership had to do with the motel or how or why it could be liable for the violations claimed by plaintiff. The motion to dismiss this entity will therefore be granted.

C. <u>Liberty Mutual Fire Insurance Company</u>.

The amended complaint lists Liberty Mutual as a defendant and alleges that one year after the incident, plaintiff sent Liberty Mutual a letter requesting compensation for her injuries but that it refused to investigate and denied responsibility. Doc. 13 at 12.

Although the complaint does not say as much, the court gathers that Liberty Mutual issued a liability insurance policy to the operator of the motel. That fact, assuming it to be true, does not make Liberty Mutual a proper defendant on plaintiff's claim for violation of her rights under the ADA. There is no allegation that Liberty Mutual owns, leases or operates the motel at which plaintiff stayed, and thus plaintiff cites no basis on which Liberty Mutual could itself be liable under the ADA. Liberty Mutual's potential contractual liability to the motel operator for the operator's liability under the ADA (assuming the policy would cover such claims) does not make the insurer a proper defendant on plaintiff's claim. Nor

does Kansas law allow a plaintiff in these circumstances to name a defendant's liability insurer as a defendant. <u>See</u> <u>Nungesser v. Bryant</u>, 283 Kan. 550, 153 P.3d 1277 (2007) (liability insurer was not proper party to tort action).

**III. Conclusion**.

     Defendants' motion to dismiss (Doc. 14) is granted. Defendant Super 8 Hays is dismissed for lack of jurisdiction. The claims against defendants Supertel Limited Partnership and Liberty Mutual Fire Insurance Company are dismissed for plaintiff's failure to state a claim upon which relief can be granted. Plaintiff is granted until October 13, 2015, to file an amended complaint stating a valid claim for relief against a proper defendant. If no such complaint is filed, a final judgment dismissing the action will be entered.

     IT IS SO ORDERED.

     Dated this <u>23rd</u> day of September 2015, at Wichita, Kansas.

                                        <u>s/Monti Belot</u>

                                        Monti L. Belot

                                        UNITED STATES DISTRICT JUDGE