**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **SHIRLEY M. LEDFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-1156-JTM-GEB** |
| | ) | |
| **SUPER 8 HAYS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

This matter is before the Court on its own motion.  Although this case was filed one year ago, its progress has been minimal and a Scheduling Order was only recently entered (ECF No. 46, filed May 13, 2016).

This case arose after Plaintiff, a resident of Missouri, claimed she was injured on or about April 28, 2013 while renting a handicap-accessible room at the Super 8 hotel in Hays, Kansas.  Plaintiff (pro se) initially filed suit in the District Court of Ellis County, Kansas, and former Defendants Liberty Mutual Fire Insurance Company, Supertel Limited Partnership, and Super 8 Hays[1] removed the case to the federal court in May 2015.  This case, characterized by former defendants as a "premises liability case,"[2] also contains undertones of accommodation issues under the enforcement provision of the Americans

_____

[1] Removing Defendants were dismissed from the case for the Court's lack of personal jurisdiction over Super 8 Hays, and for Plaintiff's failure to state a claim upon which relief could be granted against Supertel Limited Partnership and Liberty Mutual Fire Insurance Company.  *See* Mem. and Order, ECF No. 17, Sept. 23, 2015.

[2] Notice of Removal, ECF No. 1, at 1.

with Disabilities Act ("ADA"), found in 42 U.S.C. §12188(a).[3]

To date, Plaintiff's efforts to assert her claims have been frustrated by the combined defendants' "not me" defense.  The first-named defendants were dismissed in part because those defendants successfully asserted they were not viable legal entities and/or properly-named defendants (Mem. and Order, ECF No. 17, Sept. 23, 2015).  Despite the dismissal of all named defendants, Plaintiff was afforded the chance to file an amended complaint against the proper defendant(s).  Plaintiff filed an Amended Complaint (ECF No. 19), Second Amended Complaint (ECF No. 24), and Corrected Second Amended Complaint (ECF No. 32) against the current defendants.  Despite Plaintiff's attempts at proper amendments, Defendants continue to claim she has sued the wrong entities and therefore seek dismissal, in part, on that basis.[4]

While the Court expresses no opinion on the ultimate viability of either side's claims or defenses, Plaintiff's status as a pro se litigant affords her some latitude to access justice in lieu of dismissal on a technicality.  Her claim, on its face, does not appear to lack merit. And although neither Defendants nor the Court are required to construct Plaintiff's legal arguments, her pleadings are held to a less stringent standard than the formal pleadings

---

[3] Plaintiff claims the hotel's accommodations "had not been designed, constructed or maintained properly for handicap accessible use per prevailing laws as represented." (ECF No. 32 at 2.)
[4] Defendant E & P requests it be dismissed, in part, because as the lessor of the property, E & P had no right of possession or control of the hotel on the date of Plaintiff's injury.  Defendant Supertel requests dismissal, in part, because it has no ownership or management role in the hotel. Defendant SHMI seeks dismissal on the basis that, as the entity responsible for the payment of business license fees and sales taxes, it has no ownership or management responsibility for the Super 8 Hays hotel. (Motion to Dismiss, ECF No. 26, at 1-2.)

prepared by an attorney.[5]  As a pro se litigant, she should be "given reasonable opportunity to remedy the defects in [her] pleadings."[6]

Although there is no constitutional right to counsel in civil cases,[7] there are two potential sources of authority which could permit the appointment of counsel to Plaintiff, even on a provisional basis, in the event she would qualify.  First, pursuant to 28 U.S.C. § 1915(e)(1), which allows proceedings without payment of fees, the "court may request an attorney to represent any person unable to afford counsel." Second, regulations promulgated under Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* ("ADA") give a court discretion to appoint an attorney for a plaintiff claiming discrimination on the basis of disability in public accommodations.[8]

The Court uses its power to control its docket and its duty under Fed. R. Civ. P. 1—to secure the just determination of this action—to explore the possibility Plaintiff may qualify for court-appointed counsel under one of these sources of authority.  In the interests of justice, the Court will permit Plaintiff to explore this topic before her claim, which is

---

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id*. at n.3.

[7] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *1 (D. Kan. Jan. 7, 2016) (internal citation of 10th Circuit authority omitted),

[8] 28 C.F.R. § 36.101 notes the "The purpose of this part is to implement title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12181), which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation and commercial facilities to be designed, constructed, and altered in compliance with the accessibility standards established by this part."  28 C.F.R. § 36.501(a) provides, "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . ."

subject to a two-year statute of limitations,[9] is susceptible to dismissal on the pending motion to dismiss (ECF No. 26).  At this juncture, however, the Court simply does not possess adequate information upon which to make a determination of counsel under either the indigent plaintiff statute or the ADA.

Additionally, the Court's review of the pleadings revealed there does not appear to have been full compliance with D. Kan. Rule 81.2 following removal of this action.  That is, although the removing defendants (now dismissed) attached a copy of "all process and pleadings served on defendants" to their Notice of Removal (ECF No. 1), the removing parties should have filed a copy of all state court proceedings within 21 days post-removal, as required by Rule 81.2.  The docket reveals this was not done, and it is unclear whether the documents attached to the Notice of Removal constitute a full and complete copy of the state court record.

In light of the above, **IT IS THEREFORE ORDERED** that, if Plaintiff desires to be considered for court-appointed counsel, she must provide the Court with the information necessary to determine whether she qualifies.  Plaintiff may access the proper forms on the Court's website, http://www.ksd.uscourts.gov/forms/, and http://www.ksd.uscourts.gov/self-representation/.  Plaintiff must file her Affidavit of Financial status, and any related application or motion for consideration of court-appointed counsel, with the clerk's office on or before **June 13, 2016**.

---

[9] *See* K.S.A. § 60-513(a)(4), setting out the limitations period for personal injury actions; *see also Asselin v. Shawnee Mission Med. Ctr., Inc.*, No. 94–2505–KHV, 903 F. Supp. 1454, 1456 (D. Kan. 1995) (applying the two-year limitations period to an ADA claim).

**IT IS FURTHER ORDERED** that Defendants are to fully comply with D. Kan. Rule 81.2 by filing with the clerk of this court a copy of all state court records from the Ellis County District Court, which should include a docket sheet and indication of the payment, or non-payment, of the filing fee in that court.  The state court records must be filed with the clerk on or before **June 13, 2016**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 27th day of May 2016.

s/  Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge