IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHIRLEY M. LEDFORD,

    Plaintiff,

vs.                          Case No. 15-1156-JTM

E&P FINANCING LIMITED PARTNERSHIP, *et al.*,

    Defendants.

MEMORANDUM AND ORDER

Pro se plaintiff Shirley Ledford claims that she was seriously injured in the shower while staying at a Super 8 Motel in Hays, Kansas. Ledford contends that she was scalded by a defective valve or plumbing in the shower, and fell. She initially sued "Super 8 Hays," Supertel Limited Partnership (SLP), and Liberty Mutual Fire Insurance Company. She contends that the shower did not comply with Americans with Disabilities Act (ADA) standards.

The court granted the motion to dismiss of the original defendants, finding that the motel itself was not a legal entity, that facts alleged in the Complaint failed to show that SLP owned or operated the motel, and that the insurance company which issued a policy for the motel was not subject to direct liability under the ADA. (Dkt. 17). The court gave

Ledford twenty days to file an amended complaint naming a proper defendant stating a valid claim for relief.

Ledford then filed a new complaint, naming as defendants E&P Financing Limited Partnership, Inc., Supertel Hospitality, Inc. (SHI) and Kinseth Hospitality Companies. She was then granted leave to file a Second Amended Complaint, which added a new defendant, Supertel Hospitality Management, Inc. (SHMI). The matter is now before the court on the motion to dismiss of three of these defendants:  E&P, SHI, and SHMI.

The arguments advanced by these defendanats are similar to those in the previous motion to dismiss. First, they contend that the complaint merely alleges that the motel failed to meet ADA standards or local building codes, but "fails to identify which defendant owed these duties and how defendants are legally liable to her." (Dkt. 26, at 6). Second, they argue that the complaint fails to state a claim against any of the three defendants.

E&P was the title owner of the hotel, but it had leased the property to a nonparty, TRS Leasing, Inc. Under the lease, E&P retained only a right of reversion at the end of the ten year term. (Dkt. 26, Exh. B). Under the lease, TRS had the duty to improve and maintain the property. (*Id*. at 24). SHI, a real estate investment trust and parent corporation of TRS, does not have a direct ownership interest in the hotel. (Dkt. 26, Exh. A. ¶ 6-7). Similarly, SHMI is not an owner of the hotel or operator, but a separate corporate entity created to pay license fees and sales taxes. (Id. ¶¶ 13, 15).

Incorporating its observations and conclusions of law in its previous order (Dkt. 17), the court hereby grants the motion to dismiss. Ledford has responded to the motion to

dismiss, but primarily to complain that the exact nature of the relationships among the defendants is confusing. (Dkt. 32). Ledford correctly observes that under the ADA, an owner or operator of a hotel has a duty to make its accommodations accessible to persons with disabilities. However, she fails to identify which defendant violated the ADA in any particular way.

Under Fed.R.Civ.Pr. 8(a)(2), the plaintiff must provide a short statement of her claim showing that she is entitled to relief against a particular defendant. In her response, Ledford complains of "the difficulty in piercing the veil of shell companies created by the defendants," and argues the court should retain all of the parties as defendants. (Dkt. 33, at 3). But none of the arguments of the plaintiff presents any justification for piercing the corporate veil among the defendants, or relieves her of the obligation under Rule 8(a)(2) to allege, even in a short or summary way, how each particular defendant violated a legal obligation.[1]

---

[1] The court also notes that Ledford, as she did with the first motion to dismiss, has filed a surreply in opposition to the request for relief. (Dkt. 18, 39). Surreplies are disfavored, and permitted only in extraordinary circumstances, and then only with the approval of the court. *See Locke v. Grady Cty.*, 437 F. App'x 626, 633 (10th Cir.2011). No such extraordinary circumstances exist in the present case.

IT IS ACCORDINGLY ORDERED this 3rd day of June, 2016, that the Motion to Dismiss of the defendants (Dkt. 26) is hereby granted.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE
