IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Shirley M. Ledford,

    Plaintiff,

vs.                              Case No. 15-1156-JTM

Kinseth Hospitality Companies,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on plaintiff Shirley Ledford's Motion for Reconsideration (Dkt. 55), which seeks review of the court's June 3, 2016, Order (Dkt. 49) granting the Motion to Dismiss (Dkt. 26) of three of the defendants. Ledford correctly notes that the Order only addressed a motion which had been filed by defendants E&P Financing Limited Partnership, Supertel Hospitality Management, Inc., and Supertel Hospitality, Inc., yet the Clerk of the Court subsequently entered a "Judgment in a Civil Case" (Dkt. 50) which was entered on the docket as a "JUDGMENT in favor of Defendants," without any indication that only three of the four defendants had sought dismissal.

Shortly after the court's Order, Ledford moved for appointment of counsel (Dkt. 51), which defendants opposed on the grounds that "the motion comes after the court's judgment of dismissal of the defendants and after the case has been closed." (Dkt. 52). The

United States Magistrate Judge then denied Ledford's Motion for Appointment of Counsel, finding the motion "Moot, given the Court's Memorandum and Order ... and Judgment ... dismissing the case." (Dkt. 53).

In response to the plaintiff's Motion for Reconsideration, the defendants argue that she has failed to demonstrate manifest injustice supporting such relief. *See Koch v. Shell Oil Co.*, 8 F. Supp. 2d 1264 (D. Kan. 1998). Defendants recite the court's finding that Ledford failed to meet the requirements of proving "how each particular defendant violated a legal obligation," (Dkt. 49, at 3), from which defendants suggest that the court "apparently dismissed Kinseth *sua sponte*," and ask that the court "enter an order clarifying Doc. 49 that Defendant Kinseth was dismissed *sua sponte*." (Dkt. 56, at 7).

Clarification of the Court's Order of June 3 is unnecessary. In the Order, the court first delineated the four defendants present in case, and then unambiguously indicated that relief was requested to a subset of those four defendants. After discussing the history of the case before Judge Belot, the court stated:

> Ledford then filed a new complaint, naming as defendants E&P Financing Limited Partnership, Inc., Supertel Hospitality, Inc. (SHI) and Kinseth Hospitality Companies. She was then granted leave to file a Second Amended Complaint, which added a new defendant, Supertel Hospitality Management, Inc. (SHMI). The matter is now before the court on *the motion to dismiss of three of these defendants*: E&P, SHI, and SHMI.

(Dkt. 49, at 2) (emphasis added). The court then proceeded to review "the arguments advanced *by these defendants*," identifying various reasons why E&P, SHI, and SHMI would

2

not have legal responsibility for the operation of the motel.[1] (*Id*.) In reaching its conclusion, the court cited both attachments to the three defendants' Motion to Dismiss (Dkt. 26) and "[i]ncorporat[ed] its observations and conclusions of law in its previous order (Dkt. 17)." *Id.*

The defendant's Motion to Dismiss does not mention "Kinseth" other than in the caption to the pleading. Judge Belot's earlier Order of September 23, 2015, (Dkt. 17) dismissed Ledford's initial claims against "Super 8 Hays," Supertel Limited Partnership, and Liberty Mutual Fire Insurance Company. Filed before Kinseth was added as a party, that Order naturally fails to mention any role which Kinseth may have played.

Kinseth remains a party in the action. The court's Order of June 3 should not have been interpreted to dismiss the claims of all defendants. The court vacates the Judgment and the Order denying motion for appointment of counsel as moot.

---

[1] The court found:

> E&P was the title owner of the hotel, but it had leased the property to a nonparty, TRS Leasing, Inc. Under the lease, E&P retained only a right of reversion at the end of the ten year term. (Dkt. 26, Exh. B). Under the lease, TRS had the duty to improve and maintain the property. (Id. at 24). SHI, a real estate investment trust and parent corporation of TRS, does not have a direct ownership interest in the hotel. (Dkt. 26, Exh. A. ¶ 6-7). Similarly, SHMI is not an owner of the hotel or operator, but a separate corporate entity created to pay license fees and sales taxes. (*Id*. ¶¶ 13, 15).

(Dkt. 49, at 2).

IT IS ACCORDINGLY ORDERED this 25th day of August that the plaintiff's Motion for Reconsideration (Dkt. 55) is granted as provided herein.

                                                              s/ J. Thomas Marten
                                                            J. THOMAS MARTEN, JUDGE