**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SHIRLEY M. LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-1156-GEB |
| | ) | |
| KINSETH HOSPITALITY COMPANIES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Voluntarily Dismiss without Prejudice (ECF No. 72); Plaintiff's Motion to Stay Discovery pending decision on the dismissal (ECF No. 74); and Defendant's recently-filed Motion for Summary Judgment (ECF No. 80).  On May 19, 2017, the Court convened a telephone hearing to address the pending Motion to Dismiss (Motion, ECF No. 72; Order, ECF No. 83).  After consideration of both the arguments of counsel and the parties' briefing, Plaintiff's Motion to Dismiss (**ECF No. 72**) is **DENIED** but the case shall be **STAYED**; Plaintiff's Motion to Stay Discovery (**ECF No. 74**) is found **MOOT**; and Defendant's Motion for Summary Judgment (**ECF No. 80**) is **DENIED** for the reasons outlined below.

## I.    Background

This case arose after Plaintiff, a resident of Missouri, was injured on or about April 28, 2013 while renting a handicap-accessible room at the Super 8 hotel in Hays, Kansas.  As a polio survivor, Plaintiff relies a great deal on her right arm as her primary functioning

limb.  During her stay at the Super 8, while taking a shower, the water from the shower became scalding hot, which caused her to suddenly jerk herself from the water and resulted in injury to her dominant right shoulder and left elbow.  Although Plaintiff filed this case two years ago, its progress has been sluggish, for a number of reasons.

Representing herself pro se, Plaintiff initially filed suit in the District Court of Ellis County, Kansas, and former Defendants Liberty Mutual Fire Insurance Company, Supertel Limited Partnership, and Super 8 Hays[1] removed the case to the federal court in May 2015. This case, characterized by former defendants as a premises liability case,[2] also contains undertones of accommodation issues under the enforcement provision of the Americans with Disabilities Act ("ADA"), found in 42 U.S.C. §12188(a), although the extent of any ADA claims are unclear.[3]  Plaintiff seeks compensation for her injuries, as well as costs of equipment, such as a power wheelchair, and costs of modifications to her home resulting from her increased use of the wheelchair following this injury.

For the first year of the litigation, Plaintiff's efforts to assert her claims were frustrated by the combined defendants' "not me" defense.  The first-named defendants were dismissed in part because those defendants successfully asserted they were not viable legal

---

[1] Removing Defendants were dismissed from the case for the Court's lack of personal jurisdiction over Super 8 Hays, and for Plaintiff's failure to state a claim upon which relief could be granted against Supertel Limited Partnership and Liberty Mutual Fire Insurance Company.  *See* Mem. and Order, ECF No. 17, Sept. 23, 2015.

[2] Notice of Removal, ECF No. 1, at 1.

[3] Plaintiff claims the hotel's accommodations "had not been designed, constructed or maintained properly for handicap accessible use per prevailing laws as represented." (ECF No. 32 at 2.) However, there is apparently some confusion regarding the pleadings as presented by Plaintiff, pro se, and whether she has actually asserted an ADA claim (*see* Ledford Dep. 70:3-73:22 (Apr. 25, 2017), ECF No. 80-1, Ex. A,).

entities and/or properly-named defendants (Mem. and Order, ECF No. 17, Sept. 23, 2015).

Despite the dismissal of all named defendants, Plaintiff was afforded the chance to file an

amended complaint against proper parties (*Id.*). Plaintiff, continuing pro se, filed an

Amended Complaint (ECF No. 19), Second Amended Complaint (ECF No. 24), and

Corrected Second Amended Complaint (ECF No. 32) against new defendants, E & P

Financing Limited Partnership, Supertel Hospitality, Inc., Supertel Hospitality Management,

Inc., and Kinseth Hospitality Companies. Despite Plaintiff's attempts, Defendants

continued to claim she named the wrong entities, and all except Kinseth sought dismissal, in

part, on that basis.[4]

In May 2016, a Scheduling Order was entered (ECF No. 46) and this Court

provided parameters for Plaintiff to consider if she wished to seek appointed counsel (ECF

No. 47). Although Plaintiff initially filed a motion for appointment of counsel (ECF No.

51), before the Court could consider her request, her currently-retained counsel entered his

appearance on June 27, 2016. Chief District Judge J. Thomas Marten granted the pending

motions to dismiss (ECF. No. 49) and the case was terminated, but after a request for

reconsideration by Plaintiff, on August 25, 2016, the Court clarified its dismissal of all

named defendants *except* Kinseth (ECF No. 57) and reopened the case against the sole

defendant. By October 3, 2016, then—17 months after its filing—a revised schedule was

---

[4] Defendant E & P sought dismissal, in part, because as the lessor of the property, E & P had no right of possession or control of the hotel on the date of Plaintiff's injury. Defendant Supertel requested dismissal, in part, because it has no ownership or management role in the hotel. Defendant SHMI sought dismissal on the basis that, as the entity responsible for the payment of business license fees and sales taxes, it has no ownership or management responsibility for the Super 8 Hays hotel. (Motion to Dismiss, ECF No. 26, at 1-2.)

established (ECF No. 61) and the winding road this case had followed finally seemed to straighten.

In the months following the revised scheduling order, the case appeared to be on a standard trajectory. The parties conducted written discovery and jointly sought various revisions to the schedule. Fact discovery was set to close on May 31, 2017, with trial scheduled for February 2018. Then, on April 19, 2017, Plaintiff filed her motion to voluntarily dismiss her case (ECF No. 72) and to stay discovery pending the court's decision on dismissal (ECF No. 74). The Court scheduled a hearing on the pending motion to dismiss, and one day prior to the hearing, Defendant filed its motion for summary judgment (ECF No. 80). All motions are currently before the Court, and each is addressed in turn.

## II.     Plaintiff's Motion to Voluntarily Dismiss (ECF No. 72) and
##         Plaintiff's Motion to Stay (ECF No. 74)

The Court will first address Plaintiff's request to voluntarily dismiss her case, without prejudice to later refiling, under Fed. R. Civ. P. 41(a)(2), and her request to stay all discovery and deadlines pending a decision on dismissal.

### A.     Legal Standards for Dismissal

Rule 41(a) governs a request for voluntary dismissal after an opposing party files an answer or motion for summary judgment. More specifically, Rule 41(a)(2) provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "A dismissal without prejudice under Rule 41(a)(2) depends on the

district court's discretion."[5]  "Courts generally allow dismissal without prejudice unless the defendant will suffer some plain legal prejudice."[6]

"Plain legal prejudice" may be defined as "prejudice to some legal interest, some legal claim, [or] some legal argument."[7]  The court considers "whether the opposing party will suffer prejudice in light of the valid interests of the parties."[8]  But "neither the mere prospect of a second lawsuit against the defendant nor a tactical advantage to the plaintiff amounts to legal prejudice."[9]

Courts in this district and the Tenth Circuit have generally examined the following non-exhaustive list of factors, in various combinations, when determining whether a defendant would suffer legal prejudice:

1) the defendants' efforts and funds expended towards preparing for trial;
2) the plaintiff's undue delay or lack of diligence in prosecuting the action;
3) the adequacy of the plaintiff's explanation for needing to dismiss;
4) the plaintiff's diligence in moving to dismiss;
5) the present stage of litigation; and
6) duplicative expenses involved in a likely second suit.[10]

"These factors are neither exhaustive nor conclusive; the court should be sensitive to other

---

[5] *Gonzales v. City of Topeka Kansas*, 206 F.R.D. 280, 282 (D. Kan. 2001) (citing *American Nat. Bank and Trust Co. v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991)).
[6] *Id*. (citing *Wimber By and Through Wimber v. Department of Social and Rehabilitation Services,* 156 F.R.D. 259, 261 (D. Kan. 1994); also *Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir. 1993) (internal edit omitted).
[7] *Id*. (internal citations omitted).
[8] *Id*. (internal citation omitted).
[9] *Id.* at 282.
[10] *Id*. (citing *Nunez v. IBP, Inc.,* 163 F.R.D. 356, 359 (D. Kan. 1995); *see Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir. 1993)).

considerations unique to the circumstances of each case."[11] "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper."[12] The court should also consider any other relevant factors in order to "insure substantial justice is accorded to both parties."[13]

If, after consideration of the above factors, the court determines dismissal is appropriate, it has discretion to order dismissal "upon such terms and conditions as the court deems proper," and the purpose of imposing conditions is to "alleviate any prejudice a defendant might otherwise suffer upon refiling of an action."[14] But the court should only impose sanctions sufficient to actually alleviate harm to the defendant.[15]

Typical terms and conditions "include at least the payment of taxable costs, but they also may include the payment of some or all of the other expenses and/or attorneys' fees or a requirement on the use of discovery or about the refiling of certain claims."[16] After an order granting dismissal and imposing conditions is entered, the "moving plaintiff must be given a reasonable opportunity to withdraw his motion if he finds those conditions

---

[11] *Ross v. Rothstein*, No. 13-2101-DDC-TJJ, 2015 WL 3903661, at *1 (D. Kan. June 25, 2015), *appeal dismissed* (Aug. 2, 2016) (citing *Brown v. Baeke,* 413 F.3d 1121, 1123 (10th Cir. 2005)).

[12] *Ross*, 2015 WL 3903661, at *1 (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[13] *Id*. at *2 (citing *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (internal quotation marks omitted)); *McCoy v. Whirlpool Corp*., 204 F.R.D. 471, 473 (D. Kan. 2001) (internal citations omitted).

[14] *Gonzales*, 206 F.R.D. at 282 (citing *American Nat. Bank and Trust Co.,* 931 F.2d at 1412).

[15] *Id*. at 282-83 (internal citations omitted).

[16] *Id*. (internal citations omitted).

unacceptable or too onerous."[17] "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[18] "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[19]

### B. Discussion

Plaintiff now seeks to voluntarily dismiss her claims without prejudice to refiling. She indicates she has "continued to receive treatment for injuries to her right shoulder" resulting from the incident (ECF No. 73, at 3). Plaintiff's counsel reports her physicians did not initially agree on a proper course of treatment, and it took a considerable length of time to arrive at a proper plan, especially given the complications of her medical history. Due to her ongoing treatment, and expected upcoming surgery, she contends her damages in the case have been and remain a moving target. Plaintiff contends dismissal would permit her to properly ascertain her damages, which would benefit both parties to this action.

Defendant opposes the dismissal without prejudice, and contends Plaintiff seeks dismissal because she missed her February 17, 2017 deadline[20] to designate expert witnesses, failed to seek an extension, and now seeks to dismiss in an effort to get "another bite at the apple." Defendant argues Plaintiff has done little to pursue the case, and

---

[17] *Id*. (internal quotes and citations omitted).

[18] *Earthmovers, Inc. v. Massey*, No. 07-4134-SAC, 2008 WL 5263917, at *2 (D. Kan. Dec. 17, 2008) (citing *Brown v. Baeke,* 413 F.3d 1121, 1123 (10th Cir. 2005)).

[19] *Id*. (citing *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir. 1997) (citation omitted), *cert. denied,* 522 U.S. 1052 (1998)).

[20] Plaintiff's deadline to designate any Rule 26 expert set by Scheduling Order was February 3, 2017 (ECF No. 61), but was extended by agreement to February 17, 2017 (ECF No. 69).

dismissal with the potential of refiling would be prejudicial. If Plaintiff is allowed to refile her case, Defendant would then be required to defend the case with experts, which would entail additional depositions and potential rebuttal experts (ECF No. 76, at 4).

To determine whether dismissal is appropriate, the Court reviews those factors set forth above to determine whether legal prejudice would result from dismissal.

### 1. Defendants' efforts and funds expended towards preparing for trial.

The Court first examines Defendant's effort and expense in preparing for trial. Defendant argues it has incurred substantial attorney's fees in defending this action. Although Defendant claims it has significantly prepared for trial, the majority of its filings, to date, have been those opposing Plaintiff's motions, including her appointment of counsel, and even her request to consider Defendant's own mistaken dismissal, which was later clarified by the Court. (Order, ECF No. 57). Defendant certainly has the right to file oppositions, but such work is distinguished from actual trial preparation.[21] Additionally, Defendant filed its recent motion for summary judgment (*see* discussion *infra* Part III below) *after* Plaintiff's motion to dismiss; therefore the preparation of the summary judgment motion will not be taken into consideration of the earlier request for dismissal.

Although Defendant has undoubtedly made some progress toward trial, those expenses it illustrates, such as locating documents in a storage unit, relate primarily to

---

[21] *See, e.g.*, *Agjunction LLC v. Agrian Inc.*, No. 14-CV-2069-DDC-KGS, 2015 WL 416444, at *4 (D. Kan. Jan. 30, 2015) (distinguishing preparation for a preliminary injunction hearing from the "relevant inquiry", which is "defendants' effort and expense preparing for *trial*") (emphasis in original).

written discovery. Because the discovery may be utilized in a second lawsuit, the effort and costs expended on the work does not weigh against Plaintiff's dismissal without prejudice.[22] Because Defendant's efforts, to date, have been either non-trial preparation or discovery usable in a later lawsuit, this factor does not weigh against dismissal.

### 2. Plaintiff's undue delay or lack of diligence in prosecuting the action, and diligence in seeking dismissal.

The Court now considers, in conjunction, factors no. 2 and 4, both regarding Plaintiff's general diligence in prosecution of her case and diligence in requesting dismissal. Defendant argues Plaintiff has not diligently pursued her case. Although this case has been on file for two years, the Court is mindful of its initial filing by Plaintiff pro se. Acting pro se, she complied with all Court orders, and after resolution of dispositive motions, she eventually retained counsel in August 2016. It has only been since the entry of a scheduling order in October 2016 that it appears written discovery has proceeded, so allowing Plaintiff some latitude for the time she appeared pro se,[23] it does not appear she lacked diligence in prosecuting her case to that point. However, two issues do cause some concern: her failure to take any depositions or pursue other routes of discovery, aside from written discovery; and her failure to designate experts by the February 17, 2017 deadline.

---

[22] *Id.* at *5 (noting "the Tenth Circuit has held that courts should look more favorably on a plaintiff's motion to dismiss without prejudice when much of the work the parties have done in a lawsuit can be reused in a second suit.") (citing *Brown v. Baeke*, 413 F.3d at 1126).

[23] *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers"); *DIRECTV, Inc. v. Graham*, No. 03-2543-GTV, 2005 WL 427512, at *1 (D. Kan. Feb. 16, 2005) ("Because Defendant is proceeding *pro se,* the court affords him more leniency").

With regard to the taking of depositions or other discovery, the Court does not second-guess Plaintiff's strategy, but recognizes the difficulties arising from the imprecise nature of her damages. During the May 19 telephone conference to discuss the pending motions, Plaintiff's counsel explained—and defense counsel acknowledged—as early as January 2017, he was discussing the prospect of dismissal with opposing counsel. Given Plaintiff's ongoing medical concerns, reported disagreement between her treating physicians, and the resulting difficulty identifying her damages, as well as counsel's communication with defense counsel, the Court finds no bad faith in Plaintiff's failure to expend time and costs in extensive discovery, if she were contemplating dismissal.

With regard to designation of experts, during the hearing, Plaintiff disclosed that her testifying medical experts are expected to be her treating physicians. Plaintiff's reasons for not timely designating those physicians as experts under Rule 26(a) appear twofold: 1) first, identification of necessary testimony remains unknown, due to her ongoing and future treatments and potential dismissal; and 2) counsel believed it unnecessary to formally designate her treating physicians, because they will testify primarily as fact witnesses. Defendant disagrees with Plaintiff's characterization of her treating physicians as fact witnesses, and indicated it would, at some later time, ask the Court to prohibit those physicians from offering expert opinion.

The characterization of a party's treating physicians as either retained or non-retained expert witnesses, or as some hybrid of the two, has been the topic of some discussion.[24]

_____

[24] *See, e.g.*, William P. Lynch, *Doctoring the Testimony: Treating Physicians, Rule 26, and the Challenges of Causation Testimony*, 33 Rev. Litig. 249, 251 (2014) ("For years, there has been

Before 2010, disclosure requirements in Rule 26 addressed only one category of witnesses: "those retained or specially employed to provide expert testimony" who were required to provide written reports.[25] But the 2010 amendment of Rule 26 clarified a distinction between "reporting" and "non-reporting" experts. Since the amendment, a physician may provide an expert report under Fed. R. Civ. P. 26(a)(2)(B), as a retained witness, or may simply be named and provide the necessary summaries under Rule 26(a)(2)(C).[26] The Comment to the 2010 amendment to Rule 26 (a)(2)(C) explains,

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. *Parties must identify* such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).[27]

Regardless of whether the physician must provide a report, however, this Court can find no authority which indicates the physician should not be designated as an expert. For example, a recent decision from this District notes the distinction between retained and non-retained treating physicians, but explains if the physician's "proposed testimony includes information solely about his or her treatment of the patient, the treating physician may be

---

confusion about the role and proper scope of treating physicians' testimony at trial"); *see also* "Identity and report of treating physician," 10 Fed. Proc., L. Ed. § 26:50 (discussing how some courts require treating physicians to be designated as expert witnesses; while other courts permit a treating physician to be a "hybrid witness"—a fact witness for some purposes and an expert for others); *see also* Andrea Mahady Price and Kristin L. Beckman, *'Hybrid Witnesses' and Federal Rule of Civil Procedure 26*, ABA Section of Litigation (Nov. 13, 2012), http://apps.americanbar.org/litigation/committees/masstorts/articles/fall2012-1112-hybrid-witnesses-federal-rule-26.html.
[25] *See 'Hybrid Witnesses'* ABA article, *supra* note 24.
[26] *See id*.
[27] Fed. R. Civ. P. 26 (a)(2)(C) advisory committee's note to 2010 amendment (emphasis added).

designated under Rule 26(a)(2)(A) and need not provide a formal report."[28]  It is clear the treating physician may be exempt from the <u>report</u> requirement, but not so clear whether he or she is exempt from <u>designation</u> itself under Rule 26(a)(2)(A).

But even if Plaintiff were required to designate her treating physicians as experts, her failure to do so would lead to a prohibition on her use of experts only if her failure to timely designate was neither "substantially justified" nor "harmless."[29]  The exclusion of expert testimony is a drastic sanction, and without a showing of prejudice or surprise to Defendant, or bad faith on the part of Plaintiff, the Court, in its discretion, may permit the late designation.[30]

Given the unique facts of this case, the Court finds Plaintiff's failure to designate experts is harmless.  Plaintiff's treating physicians are known to Defendant, given their inclusion in Plaintiff's Rule 26(a)(1) initial disclosures (served in May 2016) and the medical records procured in discovery; therefore, Defendant is unlikely to be surprised by their belated designation or testimony.  Plaintiff's lack of designation does not appear to be a tactical decision, but rather was an error of misunderstanding by Plaintiff's counsel, couched, in part, in the confusion of Plaintiff's unknown medical treatment and belief that the case may be dismissed.  "The purpose of expert disclosures is "to eliminate surprise and provide opposing counsel with enough information . . . to prepare efficiently for deposition,

---

[28] *Moore v. Univ. of Kansas*, No. 14-2420-SAC-KGS, 2016 WL 1261041, at *1–2 (D. Kan. Mar. 30, 2016)
[29] *Id.* at *3.
[30] *Id.*

any pretrial motions and trial."[31]  Given the initial disclosures, the witnesses' position as treating physicians, and the additional time the Court will permit for discovery and trial (*see* discussion *infra* Part II.C below), Defendant will have adequate opportunity to prepare for trial.

In sum, although this case is aging, the Court finds no blatant delay on the part of Plaintiff, which would factor against voluntary dismissal.  However, the timing of the motion for dismissal—so near the close of discovery—when Plaintiff had apparently been contemplating dismissal for months, does give the Court pause.  This factor, then, is somewhat neutral but may lean slightly in Defendant's favor.

### 3.    Adequacy of Plaintiff's explanation for seeking dismissal.

Plaintiff explains she is still seeking medical treatment for her injuries from the incident forming the basis of the lawsuit, and until recently, her treating physicians did not even agree on the proper course of her treatment, largely due to her unique medical history. It stands to reason the completion of her treatment would assist *both* parties in quantifying and evaluating her actual damages.  Although Defendant argues her situation has not changed since her failure to designate experts in February, Plaintiff contends she was only recently informed in March 2017 she must have surgery on the affected shoulder.  This factor weighs in favor of dismissal.

---

[31] *Carbaugh v. Home Depot U.S.A., Inc.*, No. 13-CV-02848-REB-MEH, 2014 WL 3543714, at *2 (D. Colo. July 16, 2014) (internal citation omitted).

### 4. Present stage of litigation.

The Court must next examine the present stage of litigation to determine whether dismissal would be prejudicial. As discussed, fact discovery was to close on May 31, 2017, with Defendant's expert discovery deadline on June 30, 2017. A pretrial conference was scheduled for July 14, 2017, with a trial setting on February 13, 2018. In cases where voluntary dismissal has been denied due to the stage of litigation, they are often situations where "either the pretrial conference has been held and the case is on the verge of trial, or where the plaintiff is seeking to dismiss the case because the defendants have filed a summary judgment motion."[32] Although Defendant has filed a motion for summary judgment, the motion was filed after Plaintiff's request for dismissal, and the Court will not hold that against Plaintiff. Plaintiff filed her motion to dismiss approximately 45 days prior to the deadline for fact discovery, but after her missed deadline for expert disclosures. This factor slightly weighs in Plaintiff's favor.

### 5. Duplicative expenses involved in a likely second suit.

The final factor most often considered in requests for dismissal is the potential duplication of expenses expected if the lawsuit were refiled. Undoubtedly, there would be duplicative expenses—for both parties—involved in a second suit, such as preparation of pleadings, and participation in planning and scheduling conferences. But the expected prejudice to Defendant from these duplicative expenses could be alleviated by the

---

[32] *McCoy*, 204 F.R.D. at 474.

imposition of conditions on dismissal.[33]   Additionally, much of the work Defendant expended on discovery in this case would be utilized in any refiled case; therefore, those expenses would not preclude dismissal.[34]   This factor could weigh in favor of dismissal, *if* the Court were to impose conditions.  However, in consideration of other factors, the Court hesitates to order conditions.

### 6.    Other Factors.

Although the Court has examined those specific factors most commonly analyzed, the Court's inquiry must not end there.  If other circumstances make the case unique, the Court should be sensitive to those considerations.[35]  The court should contemplate any other relevant factors in order to "insure substantial justice is accorded to both parties."[36]

One such factor, not specifically outlined above, is Defendant's concern about the passage of time under the facts of this case.  Defendant no longer manages the hotel where this case originated, and its ability to engage cooperation from its former employees, even now—four years later—is lessening.  Dismissal and refiling would postpone trial for yet another year, and the passage of time affects its ability to locate witnesses and evidence.  Although the Court does not find a potential six months between dismissal and refiling under the savings statute[37] to be necessarily significant, when combined with the duplication

---

[33] *See, e.g., McCoy*, 204 F.R.D. at 475-76; *Gonzales*, 206 F.R.D. at 282; *Earthmovers*, 2008 WL 5263917 at *4 (in all cases, the court granted dismissal, but imposed specific conditions).
[34] *See Agjunction LLC*, 2015 WL 416444, at *5.
[35] *Ross*, 2015 WL 3903661, at *1 (citing *Brown v. Baeke*, 413 F.3d at 1123).
[36] *McCoy*, 204 F.R.D. at 473.
[37] *Cooper v. Old Dominion Freight Line*, No. 09-CV-2441-JAR/GLR, 2010 WL 2609385, at *4 (D. Kan. June 25, 2010) (citing K.S.A. § 60-518, and noting "If the action was properly commenced,

of resources, Defendant does demonstrate prejudice which weighs against dismissal.

Although some costs of Defendant's anticipated duplication may be alleviated with certain conditions attached to dismissal, under the facts of this case, the Court has serious concerns regarding Plaintiff's ability to bear those conditions. Plaintiff is disabled, facing mounting medical expenses, and she and her husband are retired,[38] and forcing her to bear the costs of refiling under these facts does not seem to be ensuring substantial justice to both parties.

## C.    Conclusion

Weighing all factors addressed above, the Court frankly finds prejudice to both sides, if dismissal were permitted. Examining the realities of the case, the Court recognizes what Plaintiff truly needs is time: time to complete discovery, and to fully and completely assess her damages in light of her ongoing medical treatment. To that end, acknowledging the prejudice which may result from dismissal, the Court **DENIES** Plaintiff's motion to dismiss (**ECF No. 72**). However, pursuant to its power to control its docket and its duty under Fed. R. Civ. P. 1 to secure the just determination of this action, the Court will **STAY** this lawsuit for a period of 90 days from the date of this order.

Following the 90-day stay, the Court will hold a telephone status conference on **September 19, 2017**, to discuss a revised schedule. Following this stay, the parties will be permitted an additional—albeit abbreviated—period of discovery, including extensions of

---

but was dismissed other than on the merits and the statute of limitations has already expired, then the Kansas savings statute "saves" the suit and allows it to be refiled").

[38] *See* Ledford Dep. pp. 115-116 (Apr. 25, 2017), ECF No. 80-1, Ex. A,).

expert deadlines for both parties. Plaintiff is strongly cautioned to take full advantage of this period, as this is her final opportunity to gather the information necessary to prosecute her claim. Given the denial of Plaintiff's motion to dismiss, and the stay granted in lieu of dismissal, Plaintiff's Motion to Stay Discovery (**ECF No. 74**) pending ruling on the dismissal is found **MOOT.**

## III.   Defendant's Motion for Summary Judgment (ECF No. 80)

After Plaintiff filed her motion for voluntary dismissal, and one day prior to the scheduled hearing regarding dismissal, Defendant filed its motion for summary judgment. Its statement of facts consists of 13 paragraphs, referencing Plaintiff's deposition and discovery responses. In addition to one legal argument regarding its perceived lack of duty, Defendant contends Plaintiff has produced no documents to support her claims. It argues she produced no evidence of injury, modifications to her home, her alleged purchase of a handicap-accessible van, or her claims of loss of rental income (ECF No. 80, ¶¶ 10-13). Given the lack of evidence she has produced, Defendant contends summary judgment is appropriate.

Plaintiff opposes summary judgment, primarily because Defendant's motion is premature, given the posture of the case and the obvious incompleteness of discovery. Although the Court agrees the motion is premature, a brief analysis of the applicable legal standards is prudent.

### A. Legal Standards for Summary Judgment

"Summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue about any material fact and that the moving party is entitled to a judgment as a matter of law."[39] Early summary judgment motions are not prohibited; in fact, Fed. R. Civ. P. 56(b) provides, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." But "summary judgment should not be granted 'where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"[40]

Rule 56(d) allows the non-moving party to request deferral of a summary judgment decision pending additional discovery.[41] Under this rule, if the non-moving party demonstrates, by affidavit, that it cannot present facts essential to justify its opposition, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[42]

To obtain relief under Rule 56(d), a party must do more than assert "that the evidence supporting [the party's] allegation is in the hands of the [opposing party]."[43] Instead, the

---

[39] *Harlan v. United Fire & Cas. Co.*, No. 14-2419-DDC-JPO, 2015 WL 4617399, at *4 (D. Kan. July 31, 2015) (citing *Morales v. McKesson Health Solutions, LLC,* 136 F. App'x 115, 117 (10th Cir. 2005); citing Fed. R. Civ. P. 56.

[40] *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986)).

[41] *Id*. (citing former Rule 56(f); *see* discussion of former subsection (f) and current subsection (d), *infra* note 47).

[42] *Harlan*, 2015 WL 4617399, at *4 (citing Fed. R. Civ. P. 56(d)) .

[43] *Id*. (citing *Weir v. Anaconda Co.,* 773 F.2d 1073, 1083 (10th Cir.1985)).

party opposing summary judgment must "identify with some degree of specificity the facts it believes that additional discovery will uncover.[44] "Unless dilatory or lacking in merit," the Rule 56(d) request "should be liberally treated."[45] The decision to grant an opposing party's request under Rule 56(d) is within the district court's discretion.[46] "The protection afforded by Rule 56[d] is designed to safeguard against a premature or improvident grant of summary judgment."[47]

## B. Discussion

Plaintiff's primary argument in her response is that the summary judgment motion is premature, both due to the ongoing nature of discovery and her request for dismissal. She specifies she is "not prepared to submit a Motion pursuant to Fed. R. Civ. P. 56(d)" because she seeks dismissal of the case, not additional discovery specific to the summary judgment motion. Although Plaintiff does not seek denial of the motion on Rule 56(d) grounds, the Court finds the spirit of her response mirrors the intent of the rule—protection against a premature grant of summary judgment when it appears additional information would affect the Court's decision.

Plaintiff is generally correct that her motion would not, under typical circumstances,

---

[44] *Id.* (citing *Jensen v. Redevelopment Agency of Sandy City,* 998 F.2d 1550, 1554 (10th Cir.1993)).

[45] *Id.* (citing Jensen, 998 F. 2d at 1553-54).

[46] *Id.* (citing *Patty Precision v. Brown & Sharpe Mfg. Co.,* 742 F.2d 1260, 1264 (10th Cir.1984); and *Pfenninger v. Exempla, Inc.,* 116 F.Supp.2d 1184, 1194 (D. Colo. 2000)).

[47] *Crumpley v. Associated Wholesale Grocers, Inc.*, No. 16-2298-DDC-GLR, 2017 WL 1364839, at *8 (D. Kan. Apr. 13, 2017) (citing *Pasternak v. Lear Petroleum Exploration, Inc.,* 790 F.2d 828, 833 (10th Cir. 1986)). *See Harlan*, 2015 WL 4617399, at *4 n. 1 ("When Rule 56 was rewritten in 2010, the provisions in Rule 56(f) were moved to a new subdivision (d), without any substantial changes." 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2740 (3d ed. 2015). Cases referencing the pre–2010 version of the rule cite subsection (f)").

serve as a proper Rule 56(d) request, because it is not submitted in the form of an affidavit, and "advocacy by counsel does not suffice for evidence or fact in the Rule 56(d) context."[48] But "even in the absence of a properly supported request under Rule 56(d), a district court may, in the interest of justice, allow a party additional time to marshal what evidence [she] does have in opposition to a summary judgment motion."[49] Unless Plaintiff's response is tardy or somehow lacking in merit, the Court should liberally consider it.[50]

Plaintiff's response was timely, and taking into consideration her motion to dismiss as previously discussed, the Court finds her position meritorious. Because Defendant's motion, in large part, accuses Plaintiff of failing to provide evidence of her injury or damages, additional discovery would certainly affect resolution of the motion. Plaintiff has produced medical authorizations, which demonstrate—to some degree—her injury. And, in her recent filings, she identified the information she intends to gather in future discovery to firm up her claims. The Court is sensitive to Plaintiff's frustration with fully responding to Defendant's dispositive motion, in the midst of attempting to voluntarily dismiss her case.

At the time of filing of both dispositive motions, the discovery period had not concluded. Even if Plaintiff had acted sooner in either seeking extensions to discovery deadlines or seeking voluntary dismissal, under the unique circumstances of this case, the Court finds her actions sufficient, at this juncture, to avoid summary judgment.[51] Given the

---

[48] *Comm. for First Amendment*, 962 F.2d at 1522 (citing *Radich v. Goode,* 886 F.2d 1391, 1395 (3d Cir. 1989)).
[49] *Id*. at 1523.
[50] *Harlan*, 2015 WL 4617399, at *4; *Awulonu v. Unified Sch. Dist. (USD) No. 261*, 363 F. Supp. 2d 1300, 1303 (D. Kan. 2005).
[51] *See Awulonu*, 363 F. Supp. 2d. at 1303.

factual issues presented in Defendant's motion and Plaintiff's response, the Court finds that summary judgment would be premature without an opportunity for full discovery by Plaintiff.[52] And, although Defendant seeks summary judgment, in part, on the issue of whether Defendant owed a legal duty to Plaintiff, in light of the premature nature of the motion, and heeding its duty to liberally consider Plaintiff's response, the Court, in its discretion, declines to address the argument at this stage of litigation.

This Court does not find fault with Defendant for pursuing a "rapid determination of the issues in controversy, but Rule 56 contemplates 'the entry of summary judgment, *after adequate time for discovery*.'"[53] Considering Plaintiff's request for voluntary dismissal, the Court's examination of the factors related to dismissal, and the stay entered above, in conjunction with Plaintiff's Response, the Court finds that an opportunity for discovery is necessary for a full and fair determination of the issues related to summary judgment.[54] Therefore, Defendant's motion for summary judgment (ECF No. 80) is **DENIED** as premature, without prejudice to later refiling upon the completion of full discovery.

In light of the above, **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss (**ECF No. 72**) is **DENIED**.

---

[52] *Id*. (citing *cf. Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986) ("Any potential problem with such premature motions can be adequately dealt with under Rule 56(f) [now (d)], which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.").

[53] *Id*. (emphasis in original) (citing *Celotex,* 477 U.S. at 322).

[54] *See id*.; *see also Harlan*, 2015 WL 4617399, at *4 (citing 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2740 (3d ed. 2015) (when granting a Rule 56(d) request, "the usual practice is to deny summary judgment without prejudice to the right to reapply at a later date").

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (**ECF No. 74**) all deadlines and discovery is **MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (**ECF No. 80**) is **DENIED** as premature, without prejudice to refiling upon completion of discovery.

**IT IS FURTHER ORDERED** that this case be **STAYED** for a period of 90 days. Following the 90-day stay, the Court will hold a telephone status conference on **September 19, 2017, at 11:00 a.m**., to be initiated by the Court, to discuss a revised schedule.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of June 2017.

s/  Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge